UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE JOHNSON, | ) | CASE NO.: 4:22-cv-1092 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| JEFF VILLARD, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | (Resolving Docs. 11 and 14) |
| | ) | |

This matter comes before the Court on Defendants'[1] Motion to Dismiss. Doc. 11. Plaintiff has filed a response in opposition. Doc. 15. Defendants have filed a reply in support. Doc. 19. For the reasons stated below, Defendants' Motion to Dismiss is DENIED.

I.    FACTS

On June 21, 2022, Plaintiff Maurice Johnson filed a prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by Defendants, along with state law claims of battery and intentional infliction of emotional distress. Doc. 1, p. 18-23. Plaintiff alleges two separate incidents that occurred while he was incarcerated at the Ohio State Penitentiary, and Defendants were correctional officers allegedly involved in these incidents. Doc. 1, p. 9-11.

On March 8, 2021, Plaintiff, pro se, filed a complaint with the Ohio Court of Claims alleging the same facts and claims as the matter before this Court. Doc. 11-1; Doc. 15, p. 3. That complaint named the Ohio Department of Rehabilitation and Corrections and the correctional

---

[1] The pending Motion to Dismiss is made on behalf of Defendants Douglas Inman, Kyle Frederick, Tyler Evans, Sean Buckner, and David Bergana. Defendants Nicole Smith, Dwayne Hill, Jeff Villard, and Jason Fantone have not yet been served. Plaintiff filed a Motion to Compel the State to serve the remaining Defendants or to release their last known address. Doc. 14. Since discovery has not yet begun, Plaintiff's Motion is DENIED.

1

officers as defendants. Doc. 11-1. On May 19, 2022, Plaintiff, remaining pro se, voluntarily dismissed the case. Doc. 11, p. 3; see Ohio Court of Claims, Case No. 2021-00123JD.

## II. LAW AND ANALYSIS

In reviewing a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, the Court "must construe the complaint in the light most favorable to the plaintiffs" and "accept all well-pled factual allegations as true." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendants' Motion to Dismiss argues that Plaintiff's Complaint is precluded by the Sixth Circuit's decision in *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities* because he previously filed this claim in the Court of Claims. The *Leaman* court recognized that the Court of Claims makes the state, "an otherwise unavailable deep-pocket defendant", available to sue in exchange for waiving suit against the state employees. *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 953 (6th Cir. 1987). The relevant statute, Ohio Rev. Code § 2743.02(A)(1), allows an individual to sue the State of Ohio in the Court of Claims, waiving the State's sovereign immunity, and in exchange states that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee." The *Leaman* court further stated that "[w]here a claimant elects to sue the state in the Court of Claims . . .the state's employees are given an affirmative defense which the federal court has both jurisdiction and the duty to recognize." *Id*. at 954.

To be effective, waiver under R.C. 2743.02(A)(1) must be "knowing, intelligent, and voluntary." *Kajfasz v. Haviland*, 55 Fed.Appx. 719, 721 (6th Cir. 2003). A plaintiff's waiver is presumed to be knowing, intelligent, and voluntary when they were represented by counsel in the state court case; however, no such presumption can be made when the plaintiff was pro se. *Id*. at 722. Instead, the Court "must make factual findings that a plaintiff knowingly, intelligently and voluntarily waived his right to sue in federal court by filing in the Ohio Court of Claims." *Yaacov v. Mohr*, Case No. 1:16-cv-2171, 2020 WL 896510, at *3 (N.D. Ohio Feb. 25, 2020).

To determine whether Plaintiff made a knowing, intelligent, and voluntary waiver of his claims, the Court "may look to the pro se plaintiff's prior litigation experience, the coherency of his filings in both the federal and Court of Claims matters, and whether the litigant referenced the statutory waiver provision in the filings." *Troche v. Crabtree*, Case No. 1:12-cv-176, 2014 WL 2211012, at *3 (S.D. Ohio May 28, 2014). In his Response in Opposition to the Motion to Dismiss, Plaintiff states that he "has never filed a lawsuit prior to his original complaint" and that "he was unaware of the consequences of filing in the Ohio Court of Claims" and, therefore, did not knowingly, intelligently, and voluntarily waive his claims against the Defendants. Doc. 15, p. 8. Defendants point to Plaintiff's intelligible pleadings in both cases and his ability to maintain litigation in the Court of Claims for over a year to support that Plaintiff made a knowing, intelligent, and voluntary waiver. Doc. 11, p. 6-7.

While not being an experienced pro se litigant, the Court finds that Plaintiff's filings are, for the most part, coherent. There are few grammatical errors, he provides case citations, and cites to relevant case law. See Doc. 15. However, Plaintiff's pleadings in the Court of Claims did not reference the Court of Claims statute, R.C. 2743.02. *See Brooks v. McCoy*, Case No. 1:15-cv-39, 2015 WL 4538512, *2 (S.D Ohio July 27, 2015) (finding that plaintiff was on notice of the waiver

3

when he cited to R.C. 2743.02 in his complaint). The fact that Plaintiff voluntarily dismissed the Court of Claims lawsuit and refiled in this Court further supports his assertion that he was not aware of the waiver under Ohio law and its implications on filing elsewhere. *See Smith v. Duncan*, 98 F.3d 1342, 1996 WL 583413, at *1 (6th Cir. 1996) (unpub'd) (finding that the plaintiff's "act of voluntarily dismissing his state court suit shows that he was not aware that such filing would operate as a waiver under Ohio law").

Further, Plaintiff's complaint and subsequent amended complaints in the Court of Claims name both the state, through the Ohio Department of Rehabilitation and Correction, and the individual correctional officers as defendants. According to the Court of Claims docket, on April 27, 2022, Plaintiff even moved to have the Ohio Department of Rehabilitation and Correction removed as a defendant and to move forward just against the individual officers. This further supports Plaintiff's assertion that he did not know about or understand R.C. 2743.02. *See Jones v. Ohio*, Case No. 2020 WL 264264, at *3 (N.D. Ohio Jan. 17, 2020) (finding that suing only the state, and not the employees, in the Court of Claims showed a knowledge of the waiver statute and its implications).

Accordingly, the Court finds that Plaintiff did not make a knowing, intelligent, and voluntary waiver of his right to sue Defendants in federal court. For the reasons stated above, Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Date: May 3, 2023  /s/ *John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE