UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE JOHNSON, | ) | CASE NO.: 4:22-cv-01092 |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| JEFF VILLARD, *et al.*, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | (Resolving Doc. 47) |

This matter comes before the Court on Plaintiff Maurice Johnson's ("Johnson") *[Motion to] compel last known address be filed under seal* (the "Motion"). Doc. 47. Defendants Douglas Inman, Kyle Frederick, Tyler Evans, Sean Buckner, and David Bergana filed the *Defendants' Response to Plaintiff's Motions, Doc. 47, 48, 49, and 50*. Doc. 52. For the foregoing reasons, the Motion is DENIED.

I.    FACTS

Johnson filed the *Complaint* (Doc. 1), initiating this civil action against the following correctional officers employed by the Ohio Department of Rehabilitation & Correction ("ORDC") at the Ohio State Penitentiary: Jeff Villard, Tyler Evans, Jason Fantone, Dwayne Hill, David Bergana, Sean Buckner, Kyle Frederick, Doug Inman, and Nicole Smith. Service upon all defendants was initially returned as executed (Doc. 7), however, ORDC later informed the Court that service for Defendants Nicole Smith, Dwayne Hill, Jeff Villard, and Jason Fantone was accepted in error as each of the named parties are no longer employed by the Ohio State Penitentiary. Doc. 10. Johnson thereafter filed the first *Motion to Compel the State to Serve State Agents and/or Release Last Known Address* (Doc. 14) which was denied by this Court as discovery

1

had not yet begun. Doc. 27. Johnson filed a second *Motion to Compel the State to Serve State Agents and/or Release Last Known Address* (Doc. 32). The Court denied the second motion due to Johnson's failure to comply with discovery rules, Local Rule 37.1, and the *Case Management Conference Plan/Order* (Doc. 31). Doc. 34.

Now before the Court is Johnson's *[Motion to] compel last known address be filed under seal* (Doc. 47), wherein Johnson requests a Court order directing ORDC to file the last known addresses of defendants Jeff Villard, Jason Fantone, Dwayne Hill, and Nicole Smith under seal.

II.   **LAW AND ANALYSIS**

Motions to compel are made pursuant to Rule 37(a) of the Federal Rules of Civil Procedure (the "Federal Rules"). As a threshold requirement, the party seeking the court order compelling discovery must first prove that it sought discovery from its opponent and was unsuccessful in obtaining the information. *McDermott v. Cont'l Airlines, Inc.*, 339 F. App'x 552, 560 (6th Cir. 2009). Further, Local Rule 37.1 addresses discovery disputes, setting forth the procedure for resolving such disputes and the timeline for filing a motion to compel. No motion to compel may be filed more than ten days after the discovery cut-off date.

In the Motion, Johnson requests that this Court order the last known addresses of Defendants Jeff Villard, Jason Fantone, Dwayne Hill, and Nicole Smith be filed under seal to aid him in perfecting service. Doc. 47 at 1. This Court previously denied Johnson's *Motion to Compel the State to Serve State Agents and/or Release Last Known Address* (Doc. 14) and *Motion to Compel the State to Serve State Agents and/or Release Last Known Address* (Doc. 32) due to the motions being improperly filed in relation to the state of discovery and Johnson's subsequent failure to comply with discovery rules and procedures. *See* Docs. 27, 34.

2

This Motion is similarly deficient. Johnson has not demonstrated that he sought the addresses of Jeff Villard, Jason Fantone, Dwayne Hill, and Nicole Smith through discovery and was unsuccessful in obtaining them. *See McDermott*, 339 F. App'x at 560. The docket reflects the same. After Johnson's initial motions to compel, he initiated discovery by filing the *Request for Admission* (Doc. 36) and the *First Request for Production of Documents* (Doc. 37). However, there is no indication in either filing that Johnson complied with the applicable discovery rules[1] in attempting to find the desired addresses. No discovery disputes have been brought to the attention of the Court pursuant to the procedure set forth in Local Rule 37.1. Last, this Motion was not timely filed, as it was received almost three months after the discovery cut-off date. *See Case Management Plan/Order* (Doc. 31) and Local Rule 37.1.

Accordingly, the Court finds Johnson has not met the threshold requirement nor followed the appropriate procedure to succeed on this Motion. For the reasons stated above, Plaintiff Maurice Johnson's *[Motion to] compel last known address be filed under seal* (Doc. 47) is DENIED.

**IT IS SO ORDERED.**

December 6, 2023  /s/ Judge John R. Adams
DATE  JOHN R. ADAMS
  UNITED STATES DISTRICT JUDGE

---

[1] Federal Rules 26-37 generally address disclosures and discovery.