UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAURICE JOHNSON, ) | CASE NO.: 4:22-cv-01092 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| JEFF VILLARD, *et al.*, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Defendants. ) | (Resolving Docs. 42, 48, 49, 52, 54, |
| ) | 55, 57) |

This matter comes before the Court on the *Defendants' Motion for Summary Judgment* (Doc. 42) (the "Motion") filed by Defendants David Bergana, Sean Buckner, Tyler Evans, Kyle Frederick, Douglas Inman, and Interested Party State of Ohio (collectively "Defendants") and Plaintiff Maurice Johnson's ("Johnson") opposition to summary judgment. Docs. 54, 55.[1]

For the reasons stated below, the Motion is GRANTED IN PART.

I.  FACTS

Johnson, a former inmate at the Ohio State Penitentiary, brings this action under 42 U.S.C. § 1983 and incorporates tort claims under the laws of the State of Ohio. Doc. 1. He makes claims of excessive use of force, denial of equal protection, cruel and unusual punishment, battery, and intentional infliction of emotional distress. Doc. 1-6 at 18–23.

Johnson's claims relate to incidents that occurred on December 18, 2020 and December 20, 2020 at the Ohio State Penitentiary. He first alleges that on December 18, 2020, he discovered

---

[1] Johnson filed the *Motion for leave to file late Opposition to Defendants' motion for summary judgment* (Doc. 54) and *Motion for leave to file Plaintiff's statement of disputed factual issues* (Doc. 55). The Court considered these motions collectively as Johnson's response to *Defendants' Motion for Summary Judgment* (Doc. 42), therefore they are hereby GRANTED.

1

an unsanitary shower mat, removed it from the shower area to request cleaning, and then was forced by correctional officers to touch the mat without gloves before it was cleaned. Doc. 1-6 at 12–13. Most of the facts supporting the Complaint are related to the incident on December 20, 2020. That day, Johnson alleges he was attempting to take a shower when correctional officers stopped him, directed him back to his cell, and eventually engaged in physical contact by twisting Johnson's limbs, spraying him with mace, and cuffing and shackling him. Doc. 1-6 at 14–15. Johnson further indicates he was pulled to the floor several times and the aggression the correctional officers exuded during the incident was planned, premeditated, and racially motivated. Doc. 1-6 at 16–17. Copies of the Informal Complaints filed for each of the incidents, the Notification of Grievance with respect to the December 20, 2020 altercation, and the Appeal to the Chief Inspector are attached to the Complaint. Doc 1-7.

Following discovery, Defendants filed this Motion in response to the Complaint. They omitted named defendants Jason Fantone, Dwayne Hill, Nicole Smith, and Jeff Villard as service was not perfected. Doc. 42 at 1. Defendants argue that Johnson did not properly exhaust his administrative remedies before initiating this case, his constitutional claims fail as a matter of law, they are entitled to qualified immunity, the state tort claims are untimely, and the claims as to Jason Fantone, Dwayne Hill, Nicole Smith, and Jeff Villard should be dismissed as they were not served. Doc. 42.

II.   **LAW AND ANALYSIS**

   A.  **Legal Standard**

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in relevant part: "…the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

2

matter of law…" Fed. R. Civ. P. 56(a). Rule 56 further provides that the party asserting a fact must support the assertion by:

a) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
b) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The court must view the evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *White v. Turfway Park Racing Ass'n, Inc.,* 909 F.2d 941, 943–944 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Summary judgment is appropriate when the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Further, the non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus,* 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

### B. Johnson's Constitutional Claims Pursuant to 42 U.S.C. § 1983

Johnson's main causes of action relate to the alleged deprivation of rights pursuant to 42 U.S.C. § 1983, which "confers a private federal right of action for damages and injunctive relief against state actors who deprive any citizen or person within the jurisdiction of the United States of rights, privileges, or immunities secured by the Constitution and laws." *Burnett v. Grattan*, 468

U.S. 42, 44 n.3 (1984). Johnson asserts claims of excessive use of force, denial of equal protection, and cruel and unusual punishment. Doc. 1-6 at 18–21. In the Motion, Defendants first argue that Johnson's claims should not succeed due to the requirements of the Prison Litigation Reform Act (42 U.S.C. § 1997e) (the "PLRA") and Johnson's failure to exhaust administrative remedies per the procedure set forth by the Ohio Administrative Code. Doc. 42 at 13–19.

The PLRA requires inmates, before bringing an action pursuant to 42 U.S.C. § 1983 with respect to prison conditions, to exhaust all administrative remedies available. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The applicable procedural rules are not set forth by the PLRA, rather by the prison grievance process. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The prison grievance process in Ohio is governed by the Ohio Administrative Code which requires three steps to resolution before an inmate may properly file suit. The inmate must: 1) file an informal complaint with the direct supervisor of the staff member responsible for the subject matter of the complaint within 14 days of the event, 2) file a notification of grievance with the inspector of institutional services, and 3) file an appeal of the disposition of grievance with the office of chief inspector of the ODRC within 14 days of disposition of the formal grievance. *Ohio Admin. Code* § 5120-9-31(J)(1)–(3); *Harris v. Smith*, No. 1:19-cv-383, 2020 U.S. Dist. LEXIS 157918, at *5–6 (S.D. Ohio July 31, 2020).

Failure to exhaust administrative remedies is generally an affirmative defense under the PLRA and summary judgment is appropriate only if defendants establish the absence of a genuine dispute as to material fact regarding non-exhaustion. *Napier v. Laurel County*, 636 F.3d 218, 225 (6th Cir. 2011); *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011). If a defendant meets their burden, the plaintiff is then under an affirmative duty to point out specific facts in the record as it

has been established which create a genuine issue of material fact. *See Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992).

Defendants argue that summary judgment is appropriate with respect to Johnson's constitutional claims because he filed the Informal Complaint on January 5, 2021, more than 14 days after the incidents, which did not comply with the first step of the prison grievance process. Doc. 42 at 17. This conclusion is supported by a citation to Johnson's own statement in his verified complaint. Doc. 42 at 17; *see* Doc. 1-6 at 18. Both the Complaint and opposition to the Motion attach dated copies of the Informal Complaint that confirm Johnson's non-compliance with the prison grievance process. Doc. 1-7; Doc. 55 at 6. Additionally, Johnson did not provide reasoning or explanation indicating the administrative process was somehow unavailable to him in the 14 days following the incidents. *See Napier*, 636 F.3d at 223–24 (collecting cases).

The statements and facts presented by both parties confirm they agree – Johnson filed his Informal Complaint on January 5, 2021, and the incidents occurred more than 14 days prior, on December 18, 2020, and December 20, 2020. By agreeing on these facts, the parties in effect do not dispute that the Informal Complaint was untimely. *See Woodford*, 548 U.S. at 90–91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). Therefore, Defendants have established no genuine dispute as to material fact regarding the non-exhaustion of administrative remedies exists, and summary judgment is appropriate. Accordingly, *Defendants' Motion for Summary Judgment* (Doc. 42) with respect to Johnson's claims pursuant to 42 U.S.C. § 1983 (claims 1–3) is GRANTED.

### C. Defendants Jason Fantone, Dwayne Hill, Jeff Villard, and Nicole Smith

As of the date of this Opinion, named defendants Jason Fantone, Dwayne Hill, Jeff Villard, and Nicole Smith have not been served with a summons and complaint in this matter as required by Rule 4(b) of the Federal Rules of Civil Procedure.

> Summary judgment may be appropriately entered in favor of unserved defendants where (1) the controlling issues would be the same as to unserved defendants, (2) those issues have been briefed, and (3) [p]laintiff has been provided an opportunity to address the controlling issues.

*Bragg v. Corizon Corp.*, No. 1:12-cv-917, 2013 U.S. Dist. LEXIS 99021, at *10–11 (W.D. Mich. June 11, 2013) (Brenneman, Mag. J.) (citation omitted) *report and recommendation adopted,* No. 1:12-cv-917, 2013 U.S. Dist. LEXIS 98158 (W.D. Mich. July 15, 2013). When properly served defendants raise and fully brief a meritorious defense [such as lack of exhaustion] that is certain to succeed if raised by any unserved defendants, it is appropriate to grant summary judgment in favor of an unserved defendant too. *Bragg* at *12–13.

Johnson has not perfected service on Jason Fantone, Dwayne Hill, Jeff Villard, or Nicole Smith. The remaining Defendants (David Bergana, Sean Buckner, Tyler Evans, Kyle Frederick, and Douglas Inman) have successfully met their burden for summary judgment on Johnson's constitutional claims due to Johnson's failure to exhaust administrative remedies. As all named defendants are/were employed by the ODRC and involved in the alleged claims by nature of their positions as Correctional Officers, this Court is certain that Jason Fantone, Dwayne Hill, Jeff Villard, and Nicole Smith, if properly served, would raise the same issues as is in the instant Motion. The matters have been fully briefed, the Motion is meritorious, and Johnson has had an opportunity to address the controlling issues of his case. *See Bragg* at *12–13. Therefore, the Court is confident the outcome would be the same for Jason Fantone, Dwayne Hill, Jeff Villard, and Nicole Smith. Accordingly, summary judgment with respect to Johnson's claims pursuant to 42

6

U.S.C. § 1983 (claims 1–3) is GRANTED in favor of Jason Fantone, Dwayne Hill, Jeff Villard, and Nicole Smith on the same grounds as the defendants listed above.

### D. Johnson's State-Law Claims of Battery and Intentional Infliction of Emotional Distress

Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir.2009). There is no basis to depart from this general rule here, and the Court declines to exercise supplemental jurisdiction over Johnson's remaining state-law claims.

### III. CONCLUSION

For the reasons stated above, *Defendants' Motion for Summary Judgment* (Doc. 42) is GRANTED IN PART (with respect to claims 1–3) in favor of all Defendants and Johnson's state law claims are DISMISSED WITHOUT PREJUDICE.[2]

Date: April 9, 2024            */s/ John R. Adams*
                                                                   JOHN R. ADAMS
                                                                   UNITED STATES DISTRICT JUDGE

---

[2] Johnson has also filed the *Motion for extension of time to perfect service on defendants* (Doc. 48), the *Motion for leave for re-service of summons by U.S. Marshal* (Doc. 49), and the *Motion for appointment of counsel* (Doc. 57). All filings in this case have been reviewed and the matters have been fully briefed. As the Court has ruled on the merits of Johnson's claims as discussed herein, these three motions are hereby DENIED.