**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE JOHNSON, | ) | CASE NO. 4:22-cv-01092 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JEFF VILLARD, *et al.*, | ) | **(Resolving Docs. 68, 69, 70, and 71)** |
| | ) | |
| Defendants. | ) | |

In a marginal entry order earlier this year, the Court denied Plaintiff's motion to reopen this case, for relief from a judgment, and to show proof of service (Doc. 62). Marginal Entry Order, Doc. 64, 1/30/26.  That order came almost two years after a memorandum of opinion and order by which the Court granted Defendants' summary judgment motion with respect to Plaintiff's claims one, two, and three entering judgment in favor of all defendants, and dismissed without prejudice Plaintiff's remaining state law claims four and five.  Memo. of Opinion and Order, Doc. 58, 4/10/24.  The Court followed the general rule that federal courts normally decline to exercise supplemental jurisdiction over state law claims when all federal claims have been dismissed.  The Court reiterated this holding in its judgment entry dismissing this case in its entirety.  Judgment Entry, Doc. 59, 4/10/24.

Plaintiff persists in believing that his case remains open.  It does not.

1

Since the order earlier this year, Plaintiff has filed four motions apparently in an effort to keep his case open.  That is not the consequence of Plaintiff's filings, however.  He filed these motions in a closed case.  They are, therefore, at a minimum untimely.  The Court will nevertheless address each motion separately for the sake of thoroughness.

Plaintiff's first motion in this group (Doc. 68) is virtually identical to his earlier motion to reopen (Doc. 62) that the Court denied in January this year.  Plaintiff provides no reasons for the Court to reconsider its previous orders granting judgment in favor of Defendants or its previous order denying Plaintiff's initial motion to reopen this case.

Plaintiff's second motion (Doc. 69) is captioned "Request for Leave to Request for Notice of Appeal Forms and or Notice of Appeal Pro Se Packet and Docket Sheet." A request for court forms and the case docket sheet should be directed to the Clerk of Court at the John F. Seiberling Federal Building & U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308.

Plaintiff's third motion (Doc. 70) requests leave of court for a change of venue. Plaintiff cites 28 U.S.C. § 1391 in support of his motion.  The first subparagraph of that statute provides that "this section shall govern the venue of all civil actions brought in district courts of the United States."  28 U.S.C. § 1391(a)(1).  Improper venue can be asserted as a defense, and can be the subject of a party's objection and even the basis of the involuntary dismissal of a lawsuit.  *See*, *e.g.*, Fed. R. Civ. P. 12(b)(3), 19(a)(3), and 41(b).  None of this law, though, foresees a motion for a change of venue

as being a proper procedural step or requiring adjudication by a court once the civil action has been dismissed.

Plaintiff captions his fourth motion (Doc. 71) as a request for leave to amend the judgment.  A closer read, though, shows that Plaintiff is arguing that the Court lacked jurisdiction and proper venue to enter the judgment.  In support, Plaintiff cites Fed. R. Civ. P. 15(c) and 59(e).

Rule 15 authorizes amendments to the pleadings before, during, and after trial, and allows amendments under certain conditions to relate back to the date of the original pleading.  None of Rule 15's provisions, however, authorizes amendments to pleadings in a case that has already ended.

Rule 59 addresses motions for a new trial and motions to alter or amend a judgment—to be sure, provisions governing steps a party may take towards the end of a case.  The rule further provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e). Plaintiff's fourth motion asks the Court to do far more than just alter or amend its previous judgment in favor of Defendants.  Plaintiff argues that jurisdiction and proper venue were lacking to enter the judgment in the first place.  But even if the Court were to read Rule 59(e) so expansively as to allow the type of alteration or amendment to the judgment that Plaintiff seeks, his motion is still woefully out of time.

Plaintiff persists by asserting that he had already perfected service on all defendants prior to Defendants' motion to dismiss (Doc. 11).  Plaintiff may have meant prior to Defendants' motion for summary judgment (Doc. 42), since the Court denied

Defendants' motion to dismiss.  *See* Memo. of Opinion and Order, Doc. 27, 5/3/23.

Regardless, the Court addressed this point in its memorandum of opinion and order by

which it granted in part Defendants' summary judgment motion, dismissed Plaintiff's

state claims without prejudice, and brought this case to a close.  The Court noted there

that "[w]hen properly served defendants raise and fully brief a meritorious defense

[such as lack of exhaustion] that is certain to succeed if raised by any unserved

defendants, it is appropriate to grant summary judgment in favor of an unserved

defendant too."  Memo. of Opinion and Order, Doc. 58, PageID #771 (citing *Bragg v.

Corizon Corp.*, No. l:12-cv-917, 2013 U.S. Dist. LEXIS 99021, at *12-13 (W.D. Mich.

June 11, 2013), *report and recommendation adopted*, No. l:12-cv-917, 2013 U.S. Dist.

LEXIS 98158 (W.D. Mich. July 15, 2013)).

Accordingly, for the reasons stated above, Plaintiff's Motion/Request for Leave to

File Motion to Reopen for Relief from a Judgment and to Show Proof of Service (Doc. 68),

his Motion/Request for Leave to Request for Notice of Appeal Forms and or Notice of

Appeal Pro Se Packet and Docket Sheet (Doc. 69), his Motion/Request for Leave of Court

for Change of Venue (Doc. 70), and his Motion/Request for Leave of Court to Amend

Court's Judgment Pursuant to Civil Rule 15(c) and Federal Rules of Procedure 59(e) (Doc.

71) are DENIED.

IT IS SO ORDERED.


Dated: April 9, 2026                          /s/ John R. Adams
                                              JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE


4